UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NISAA ABDUL-MAJID,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER NOEL MELENDEZ (TAX 916206),
POLICE OFFICER EDWARD WASHA (TAX 918459),
POLICE OFFICER JAVISH ORTIZ (TAX 933130),
POLICE OFFICER STEVEN COLON (SHIELD 6823), and
JANE DOE

                Defendants.
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

13 CV 7441 (KPF)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff, Nisaa Abdul-Majid, by her attorneys, Reibman & Weiner, as and for her Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE, and JURISDICTION

    1.    Plaintiff, Nisaa Abdul-Majid, is an adult female resident of Bronx County, within the State of New York.

    2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

    3.    At all relevant times hereinafter mentioned, defendant, POLICE OFFICER NOEL MELENDEZ (TAX 916206), was an adult male employed by the City of New York as a

1

member of the NYPD assigned to the 41st Precinct. Defendant Melendez is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER EDWARD WASHA (TAX 918459), was an adult male employed by the City of New York as a member of the NYPD. He is currently assigned to the 40th Precinct of the NYPD. Defendant Washa is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER JAVISH ORTIZ (TAX 933130), was an adult male employed by the City of New York as a member of the NYPD. He is currently assigned to the 40th Precinct Detective Squad of the NYPD. Defendant Ortiz is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER STEVEN COLON (SHIELD 6823), was an adult male employed by the City of New York as a member of the NYPD. He is currently assigned to the Narcotic Division of the NYPD. Defendant Colon is sued herein in his official and individual capacities.

7. At all relevant times hereinafter mentioned, defendant JANE DOE, was an adult female employed by the City of New York as members of the NYPD assigned to the 40th or 41st Precinct whose identity is currently unknown to the plaintiff. Defendant JANE DOE is sued herein in her official and individual capacities.

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and

where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

10. On March 4, 2011, at about 2:00 p.m. (the "Date of the Arrest"), plaintiff was lawfully present at or near 387 East 157th Street (the "Scene of the Arrest"), Bronx, New York.

11. Plaintiff was not engaged in any unlawful or suspicious activity.

12. At this time, defendants Melendez, Washa, Ortiz, Colon, and Jane Doe arrived, approached plaintiff, and began to question her.

13. Despite the absence of any evidence of wrongdoing on the part of plaintiff, and despite the fact that there was no legal basis to detain, much less search plaintiff, the individual defendants searched her.

14. The search yielded no evidence of any guns, drugs, or contraband.

15. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

16. Plaintiff was then transferred to a local area precinct believed to be the 40th Precinct, where she was improperly strip searched and held for several hours.

17. The search yielded no evidence of any drugs or illegal activity.

18. Plaintiff was then transferred to Bronx County Central Booking where she was held for several more days before he was arraigned on a criminal complaint containing false allegations sworn to by defendant Melendez.

19. While plaintiff was in defendants' custody, the each of the defendants created or caused the creation of paperwork memorializing false factual allegations alleging that

3

plaintiff had engaged in Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and Trespass.

20. Specifically, defendant Melendez made several false allegations in the criminal complaint including, but not limited to, the allegation that "on or about March 4, 2011, at approximately 3:10 p.m. inside of 428 East 157th Street, County of Bronx, State of New York" defendant Melendez observed the plaintiff "inside the lobby of the above stated location."

21. Defendant Melendez also falsely alleged in the criminal complaint that plaintiff told him she was inside of that location to "buy weed."

22. These and other allegations were false and defendant Melendez knew them to be false when he made them.

23. Each of the individual defendants, including defendants Washa, Ortiz, Colon, and Jane Doe also knew that these statements were false, and they also made and provided false allegations which were intended to justify the false arrest and malicious prosecution of plaintiff.

24. Plaintiff had in fact not been inside of the lobby at that location as stated in the Complaint, and each of the defendants knew that she had not been inside of the lobby at that location.

25. Pursuant to these and other false allegations made by each of the individual defendants, plaintiff was charged with Criminal Trespass in the Second Degree, Criminal Trespass in the Third Degree, and Trespass.

26. The defendants made or brought about these false allegations with the understanding that the false allegations would justify their illegal search and seizure of plaintiff,

and that they would be transmitted to the Bronx County District Attorney ("BCDA") so that the BCDA would commence the criminal prosecution of the plaintiff.

27. The false allegations were then, in fact, transmitted or otherwise communicated to the BCDA.

28. Plaintiff was prosecuted and forced to make several court appearances pursuant to these false allegations for over a year before the charges against her were dismissed.

29. It was objectively unreasonable for the defendants to arrest plaintiff since there was no probable cause or reasonable basis to suspect that she had engaged in any unlawful activity.

30. At no time did there exist any basis to utilize any level of force against plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

31. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

32. The individual defendants, including Jane Doe, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

33. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

34. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

35. Defendants willfully and intentionally seized, searched, imprisoned, and falsely arrested plaintiff, all without probable cause or a reasonable basis to believe such cause existed.

36. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

37. The defendants willfully and intentionally subjected plaintiff to unlawful detention without any probable cause or reasonable basis to believe that plaintiff was engaged in any unlawful activity.

38. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful strip search, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, malicious prosecution, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

41. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

42. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

43. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's

arrest.

44.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

45.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.  Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.  Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d.  Retaliating against officers who report police misconduct; and

    e.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

46.     The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.  *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

    b.  *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.  *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe* v. *City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long* v. *City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise* v. *City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens* v. *City of New York*, 09-CV-7923 (RWS) (SD.N.Y.)

    h.    *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

    i.    *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton* v. *Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz* v. *The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza* v. *City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

47.    In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

48. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

49. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

50. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the causes of action one and two, actual and punitive damages in an amount to be determined at trial;

ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       February 24, 2014

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

11